IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**RASHEED DAVIS,**

    Plaintiff**,**                                  **CASE NO.:**

**v.**

**AUSTIN TASK, INC.,**

    Defendant.      /

## COMPLAINT & DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, RASHEED DAVIS, by and through the undersigned attorney, and sues the Defendant, AUSTIN TASK, INC., a foreign corporation, (hereinafter referred to as the "Defendant"), for unpaid overtime compensation, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

## NATURE OF SUIT

The FLSA was passed by Congress in 1938. The principal congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision

of the FLSA constitutes a congressional recognition that failure to pay statutory minimum on time may be so detrimental to the maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce that double payment must be made in the event of a delay in order to insure restoration of worker to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

## PARTIES

1. Plaintiff, RASHEED DAVIS, was an employee of the Defendant within the last three (3) years in DeKalb County, Georgia.

2. Defendant, AUSTIN TASK, INC., is a foreign corporation headquartered in Austin, Texas doing business and with offices in Atlanta, Georgia and is therefore within the jurisdiction of this Court.

## JURISDICTION

3. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA.

## COVERAGE

4. At all material times relevant to this action (2013-15), Defendant, AUSTIN TASK, INC., was an enterprise covered by the FLSA and as defined by 29 U.S.C. §203(r) and 203(s).

5. At all material times relevant to this action, Defendant, AUSTIN TASK, INC., made gross earnings of at least $500,000 annually.

6. At all material times relevant to this action, Defendant, AUSTIN TASK, INC., had two (2) or more employees engaged in interstate commerce, by serving their clients of all industries and sizes including home office businesses, mid-market corporations, and Fortune 500-companies with data shredding and destruction from their four offices located in Texas, Virginia, and Georgia (i.e., document shredding and data destruction techniques rendering purged data and documentation completely irrecoverable).

7. At all material times relevant to this action, Defendant, AUSTIN TASK, INC., had two (2) or more employees engaged in interstate commerce, by ordering, loading or using supplies from out-of-state (i.e., document shredding and data destruction techniques rendering purged data and documentation completely irrecoverable).

8. At all material times relevant to this action, Defendant, AUSTIN TASK, INC., has been an enterprise involved in interstate commerce by accepting payments from customers based on credit cards issued by out-of-state banks.

9. At all material times relevant to this action, Defendant, AUSTIN TASK, INC., has been an enterprise involved in interstate commerce by regularly using the telephone or computers in order to place and accept business calls.

10. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§201-209 because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay for those hours worked in excess of forty (40) within a work week.

## FACTUAL ALLEGATIONS

11. Plaintiff, RASHEED DAVIS, was working as a "driver" for the Defendant.

12. Plaintiff worked for the Defendant from approximately November 2013 through the present.

13. Plaintiff's duties mainly include the retrieval of confidential data for document destruction and shredding, electronic media destruction, and electronic recycling from home office businesses, mid-market corporations, and Fortune 500-complaines, and delivery to the Atlanta, Georgia branch.

14. In this capacity, Plaintiff earned $15.32 per hour.

15. During his employment with Defendant, Plaintiff was not paid time and one-half the regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

16. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

## **COUNT I - RECOVERY OF OVERTIME COMPENSATION**

17.  Plaintiff reincorporates and readopts all allegations contained within paragraphs 1-16 above.

18.  Plaintiff was not paid overtime for all hours worked.

19.  Plaintiff was required to perform overtime hours.

20.  Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) hours per work week.

21.  During his employment with Defendant, Plaintiff worked overtime hours but was not paid time and one-half compensation for the same.

22.  Plaintiff seeks payment of unpaid overtime within the last three years from the filing of this Complaint.

23.  Defendant's violations were willful in that they failed to keep accurate time records as required by the FLSA.

24.  Defendant's violations were willful in that they refused to post notice of applicable FLSA laws as required by the FLSA.

25.  As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff time and one-half the regular rate of pay for each hour worked in excess of forty (40) hours per work week in one or more work weeks, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

26. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by him for which Defendant did not properly compensate him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.  If liquidated damages are not awarded then prejudgment interest is requested.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury.

Dated this 29th day of January, 2016.

Respectfully submitted,

**/s/Justin D. Miller, Esq.**
**Justin D. Miller, Esq.**
GA Bar No.:  001307

Morgan & Morgan, P.A.
191 Peachtree Street, N.E., Suite 4200
Post Office Box 57007
Atlanta, Georgia 3033-1007
Main:         (404)  965-8811
Direct Dial: (404)  496-7295
Direct Fax:  (404)  496-7405
Email: jmiller@forthepeople.com

6

## **FONT CERTIFICATION**

Pursuant to Local Rule 5.1(C) Plaintiff hereby certifies that the within and foregoing Complaint was prepared using Times New Roman, 14-point font.

                                                                   Respectfully submitted,

                                                                   **/s/Justin D. Miller, Esq.**
                                                                   **Justin D. Miller, Esq.**
                                                                   GA Bar No.:  001307

                                                                   Morgan & Morgan, P.A.
                                                                   191 Peachtree Street, N.E., Suite 4200
                                                                   Post Office Box 57007
                                                                   Atlanta, Georgia 3033-1007
                                                                   Main:          (404)  965-8811
                                                                   Direct Dial: (404)  496-7295
                                                                   Direct Fax:  (404)  496-7405
                                                                   Email: jmiller@forthepeople.com

CVL/mam